People v Nunez (2021 NY Slip Op 00266)





People v Nunez


2021 NY Slip Op 00266


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Ind No. 2187/15 Appeal No. 12910 Case No. 2019-4427 

[*1]The People of the State of New York, Respondent,
v
Maximilian Nunez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered March 19, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.
The People's Voluntary Disclosure Form notified defendant of the People's intent to offer evidence of two statements he made while in custody following his arrest. In each instance, he was overheard urging a codefendant, who was his girlfriend, to tell the authorities that she was the possessor of a pistol recovered at the apartment where they were arrested. The first such statement was overheard by a special agent while defendant and the codefendant were in a holding cell. The second such statement was overheard by a detective while defendant and the codefendant were being driven to Central Booking.
At the initial Huntley hearing, the People called the special agent as a witness, but not the detective. The court ruled that the statement overheard by the special agent was admissible. No evidence was presented regarding the later statement overheard by the detective.
At a pretrial conference 16 months later, the prosecutor, explaining that the special agent was unavailable to testify because he had been transferred to an assignment outside the United States, asked the court to reopen the suppression hearing to allow the detective to testify to the statement he allegedly overheard. The court granted the application over defense objection, and, after the detective's testimony at the reopened hearing, ruled that the statement to which the detective testified was admissible. The special agent did not testify at trial, and only the statement overheard by the detective was received in evidence.
The court should not have reopened the hearing. The prosecution had a full and fair opportunity to present both of its witnesses and seek admission of both statements, but chose not to (see People v Kevin W., 22 NY3d 287, 289 [2013]; People v Havelka, 45 NY2d 636, 643 [1978]), and the court had issued a ruling on the suppression motion (compare People v Cook, 34 NY3d 412 [2019]). This is not a case in which the omission of evidence at the initial hearing resulted from "a flaw in the proceeding" (People v Williams, 7 NY3d 15, 21 [2016]; People v Brunson, 176 AD3d 488, 488 [1st Dept 2019], lv denied 34 NY3d 1075 [2019]). Based on the record as a whole, this error was not harmless.
We also agree with defendant that, while some evidence regarding the large-scale drug trafficking crimes with which defendant's girlfriend and her relatives were charged was relevant to provide background information regarding the search of the apartment where the pistol was found and defendant was arrested, and to prove that defendant's possession of the pistol was knowing, the very extensive evidence admitted in this regard was unnecessarily [*2]prejudicial (see People v Montanez, 41 NY2d 53, 58 [1976]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Accordingly, defendant is entitled to a new trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021